IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BVM MERRIAM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 17-2563-JWL |
| | ) |
| AMERICAN FAMILY MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion to dismiss Count II of plaintiff's complaint (Doc. # 5). For the reasons set forth below, the Court **grants** the motion, and Count II is dismissed. Plaintiff is granted leave, however, to amend its complaint, on or before **January 2, 2018**, to assert an alternative cause of action.

In its complaint, plaintiff insured has asserted against defendant insurer a claim for breach of contract for failing to pay insurance benefits (Count I) and a claim for "bad faith" with respect to defendant's handling of the insurance claim (Count II). Defendant moves to dismiss the claim for bad faith on the basis that Kansas does not recognize such a cause of action in the first-party insurance context. *See Spencer v. Aetna Life & Cas. Ins. Co.*, 227 Kan. 914 (1980) (declining to recognize such a cause of action). Defendant does not argue that *Spencer* does not apply or is no longer good law. Accordingly, the

Court grants defendant's motion to dismiss plaintiff's bad faith claim under Kansas law.[1]

Plaintiff argues that, in light of his inability to assert a bad faith claim, his complaint should be construed to assert an alternative claim of outrage or a breach of the implied covenant of good faith and fair dealing. The Court declines that invitation, as the complaint does not indicate how either cause of action might apply here.[2]

In the alternative, plaintiff seeks leave to amend its complaint to add a claim of outrage or a breach of the implied covenant of good faith and fair dealing. Defendant did not file a reply brief and thus has not opposed that request. The Court notes that this litigation is in an early stage, with the scheduling conference set for next month. Accordingly, the Court grants plaintiff leave to amend, on or before **January 2, 2018**, to assert an alternative cause of action.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss Count II of plaintiff's complaint (Doc. # 5) is hereby **granted**, and Count II

---

[1]The parties agree that Kansas law governs these claims by a Kansas insured. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (in diversity action, court applies the forum state's choice-of-law rules); *Safeco Ins. Co. of Am. v. Allen*, 262 Kan. 811, 822 (1997) ("Kansas follows the general rule that the law of the state where the insurance contract is made controls.").

[2]For instance, courts in this district have held that to assert a claim for breach of a duty of good faith and fair dealing under Kansas law, a plaintiff must plead a claim for breach of contract and point to a term in the contract that the defendant allegedly violated by failing to act in good faith. *See, e.g.*, *Moore v. The Climate Corp.*, 2016 WL 4527991, at *8 (D. Kan. Aug. 30, 2016) (citing cases).

is hereby dismissed.  Plaintiff is granted leave to amend its complaint, on or before **January 2, 2018**, to assert an alternative cause of action.

    IT IS SO ORDERED.

    Dated this 15th day of December, 2017, in Kansas City, Kansas.

                                           s/ John W. Lungstrum
                                           John W. Lungstrum
                                           United States District Judge