IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BVM MERRIAM, LLC, )
)
               Plaintiff, )
)
v. )   Case No. 17-2563-JWL
)
AMERICAN FAMILY MUTUAL )
INSURANCE COMPANY, )
)
               Defendant. )
)
_____)

## **MEMORANDUM AND ORDER**

In this action, plaintiff insured asserts claims for benefits against defendant insurer relating to damage to plaintiff's motel. Specifically, plaintiff alleges that a hail and wind storm on April 26, 2016, caused damage to the property's roof, which in turn resulted in water damage. This matter presently comes before the Court on plaintiff's motion for summary judgment on the issue of liability (Doc. # 39). For the reasons set forth below, the Court **denies** the motion.

     1.     As an initial matter, defendant argues that summary judgment[1] should be denied because a question of fact remains concerning whether plaintiff LLC owns the damaged property and thus has an insurable interest. *See Price v. Trinity Universal Ins.*

---

[1] Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).

*Co.*, 8 Kan. App. 2d 223, 224 (1982). Defendant relies on the warranty deed and purchase agreement for the property that plaintiff produced in discovery, which show that the property was purchased not by plaintiff LLC but by three individuals (presumably, the members of the LLC). In reply, plaintiff points to deposition testimony by one of those individuals that the LLC was formed for the purpose of acquiring the motel. Another of those individuals testified that plaintiff LLC had an interest in the property, but when confronted with the warranty deed, he testified that he did not remember whether the three individuals actually did transfer the property to the LLC. Thus, plaintiff has not submitted any evidence that the property was in fact transferred to the LLC or that the LLC presently owns the property. Thus, when the evidence is viewed in defendant's favor, a question of fact remains concerning whether plaintiff LLC did own the property during the relevant period. In light of that remaining question of fact, summary judgment in favor of plaintiff on the question of liability is not warranted.

2. A question of fact also remains concerning whether plaintiff provided timely notice to defendant of the occurrence for which plaintiff seeks benefits, as required by the applicable insurance policy. In its statement of facts, plaintiff states that timely notice was given, but it does not support that statement with any citation to the record. Defendant controverts plaintiff's assertion of timely notice, citing evidence that although leaks were noted in May 2016, plaintiff did not give notice or assert a claim on the policy until October 2016. Plaintiff did not address this issue in its reply brief; thus plaintiff has not explained why its notice should be deemed timely as a matter of law or why the untimeliness does

not affect its present claim. For this reason as well, then, plaintiff has not shown that it is entitled to summary judgment on the question of liability.[2]

3. Because plaintiff could also have sought summary judgment with respect to a particular issue, *see* Fed. R. Civ. P. 56(g), the Court nevertheless considers whether plaintiff has shown that its loss is covered by the policy as a matter of law. In support of its claim that the property suffered damage from the April 2016 storm, plaintiff appears to rely solely on the report of its expert.[3] Defendant's expert concluded in his report, however, that the property's roof did not suffer any damage from storms occurring after February 1, 2016 (when plaintiff allegedly acquired the property). Thus, a dispute of fact remains whether plaintiff's property suffered damage from a storm in April 2016 as claimed. In its reply, plaintiff argues that defendant's expert did not offer any opinion concerning the cause of interior water damage. The theory pursued by plaintiff in its complaint and in its summary judgment motion, however, is that it is entitled to benefits because of harm to the

---

[2] Because the issues are material, the Court grants defendant's motion to strike plaintiff's statements of fact, made without citation to the record, concerning its ownership of the property and its providing timely notice to defendant (statements 1 and 2). The Court denies the motion to strike statements 3, 4, and 7, for the following reasons: defendant's claim number (statement 3) is uncontroverted and is not material to the issues; the statement concerning defendant's expert's report (statement 4) is supported by evidence submitted by plaintiff (the report itself); and plaintiff's statement concerning its retention of an expert (statement 7) is uncontroverted and is supported by that expert's report, which plaintiff submitted.

[3] With its motion, plaintiff submitted only the policy, defendant's denial letter, the two parties' expert reports, and a small bit of testimony by defendant's adjuster. Contrary to plaintiff's argument, however, the adjuster in that excerpt did *not* testify that any water damage was caused by any particular weather event.

property's roof caused by a storm occurring on April 26, 2016, and defendant has provided evidence to refute that theory. Accordingly, plaintiff is not entitled to summary judgment on the issue of coverage.[4]

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for partial summary judgment (Doc. # 39) is hereby **denied**.

IT IS SO ORDERED.

Dated this 16th day of July, 2018, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[4] In light of this ruling, the Court declines at this time to address the applicability of any particular policy exclusion.