IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BVM MERRIAM, LLC, )
)
              Plaintiff, )
)
v. ) Case No. 17-2563-JWL
)
AMERICAN FAMILY MUTUAL )
INSURANCE COMPANY, )
)
              Defendant. )
)
_____)

## MEMORANDUM AND ORDER

In this action, plaintiff insured asserts claims for benefits against defendant insurer relating to damage to a motel. The matter presently comes before the Court on defendant's motion to amend the pretrial order to add the defense of a lack of insurable interest (Doc. # 67). For the reasons set forth below, the Court **grants** the motion, and the pretrial order is hereby deemed amended to include that defense.

On June 18, 2018, in response to plaintiffs' motion for summary judgment, defendant argued that plaintiff's claim on the insurance policy under Kansas law must fail because plaintiff lacked an insurable interest in the property (and for other reasons as well).[1] In addressing that argument in its reply brief, plaintiff did not argue that the defense

---

[1] The Court does not agree that defendant previously asserted this defense in discovery by propounding a request for purchase documents or by asking questions about ownership of the property in a deposition.

had not been raised in a timely fashion. By Memorandum and Order of July 16, 2018, the Court denied the motion for summary judgment, in part because a question of fact remained concerning whether plaintiff actually owned the property and thus had an insurable interest.

On October 4, 2018, the Magistrate Judge conducted the pretrial conference in this case. At the conference, the parties discussed plaintiff's objection to defendant's assertion of the lack-of-insurable-interest defense. As noted in the pretrial order issued October 16, 2018, the Magistrate Judge sustained the objection on the basis that "the proposed defense had not been timely asserted." Defendant nevertheless argued this defense as the basis for its own motion for summary judgment, and plaintiff moved to strike the motion. The Court denied the motion to strike and set a deadline for defendant to move to amend the pretrial order, so that the parties could address whether defendant should be permitted to assert the defense in this case. Defendant has now filed such a motion, to which plaintiff has responded.

Rule 16(e) provides that a court may modify a pretrial order only to prevent manifest injustice, see Fed. R. Civ. P. 16(e), and the burden of making that showing falls on the party seeking modification of the pretrial order. See *Koch v. Koch Indus.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The Tenth Circuit has identified the following factors relevant to this issue: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." See *id.* at 1222 (footnote and citations omitted).

The Court concludes in its discretion that manifest injustice would result if defendant is not permitted to assert this defense on the merits of plaintiff's claim. Plaintiff has not shown any prejudice if defendant is permitted to assert the defense at this time, there should be no disruption to the orderly trial of this case, and there is no evidence of bad faith by defendant. Moreover, the Court's preference is always that a claim be decided on its merits. *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011); *Sprint Communications Co. L.P. v. Comcast Cable Communications LLC* 2017 WL 3730493, at *2 (D. Kan. Aug. 30, 2017) (Lungstrum, J.).

Plaintiff argues that it will suffer prejudice because it would need to add the insurance agent as a party to the lawsuit. Plaintiff has not explained why any claim against the agent could not be pursued in a separate action, however. Plaintiff argues that its "potential negligence action may be barred by the applicable statute of limitations," namely Kansas's two-year statute for negligence claims. *See* K.S.A. § 60-513. Plaintiff has not shown, however, that the limitations period for any particular claim ran between the time of defendant's answer of January 5, 2018 (in which it admitted that plaintiff owned the property), and June 18, 2018, when plaintiff had notice that defendant intended to assert the defense. Nor has plaintiff discussed the application of the discovery rule contained in Section 60-513.

Plaintiff also argues that it would suffer substantial prejudice because it would need to take discovery from the insurance agent and from defendant's underwriting department with respect to those parties' knowledge at the time the insurance policy was issued. Plaintiff, however, has not identified any particular facts that it must discover in order to

litigate this issue concerning whether plaintiff owned the property or otherwise had an insurable interest---an issue that turns on facts within plaintiff's control.[2]  For instance, under Kansas law, the defense of a lack of insurable interest is not undermined by waiver or estoppel.  *See Price v. Trinity Universal Ins. Co.*, 8 Kan. App. 2d 223, 225 (1982) (citing *Colver v. Central States Fire Ins. Co.*, 130 Kan. 556 (1930), and *Barton v. Mercantile Ins. Co.*, 127 Kan. 271 (1929)).  Thus, plaintiff has not shown how any other party's knowledge is relevant to the defense of a lack of an insurable interest, and therefore plaintiff has not shown that it should be allowed to conduct discovery before responding to defendant's summary judgment motion.[3]

Finally, plaintiff argues in its response to the motion to amend that it does have an insurable interest under Kansas law.  The Court concludes, however, that the merits of the defense are better tested in the context of the summary judgment procedure, in which plaintiff may support its contentions with evidence.

Accordingly, the Court grants defendant's motion to amend the pretrial order, which is hereby deemed amended to include the defense of a lack of insurable interest.  Plaintiff shall file any response to defendant's summary judgment motion on or before **January 16, 2018**, and defendant shall file any reply brief on or before **January 25, 2018**.

---

[2] The Court ordinarily requires a party to identify particular facts expected to be obtained in order to obtain leave to take discovery before responding to a summary judgment motion under Fed. R. Civ. P. 56(d).  *See, e.g.*, *Turney v. DZ Bank Deutsche Zentral Genossenschaftsbank*, 2011 WL 1375587, at *4 (D. Kan. Apr. 12, 2011) (Lungstrum, J.).

[3] Moreover, even if plaintiff did need additional discovery, any such prejudice is easily cured.

4

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to amend the pretrial order (Doc. # 67) is hereby **granted**, and the pretrial order is hereby deemed amended to include the defense of a lack of insurable interest.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff shall file any response to defendant's pending summary judgment motion on or before **January 16, 2019**, and defendant shall file any reply brief on or before **January 25, 2019**.

IT IS SO ORDERED.

Dated this 2nd day of January, 2019, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
